**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

David L. Allen (020339)
dla@jaburgwilk.com
Laura A. Rogal (025159)
lar@jaburgwilk.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spirit Master Funding IV, LLC, | Case No. 2:14-cv-00720-GMS |
| Plaintiff, | |
| v. | **Defendants' Motion In Limine #5 Re: Nominal Damages** |
| Martinsville Corral, Inc.; Victor Spina and Amber Spina; William Spina and Beth Spina, | (Assigned to the Hon. G. Murray Snow) |
| Defendants. | |

Defendants Martinsville Corral, Inc., Victor Spina and Amber Spina, and William Spina and Beth Spina ("Defendants") request that this Court enter an Order precluding Plaintiff Spirit Master Funding IV, LLC from introducing any evidence or testimony relating to nominal damages. Undersigned counsel avows that the parties have met and conferred on this issue, and was unable to reach a consensus on the matter.

Through the Complaint and the Amended Complaint, the **only** relief Plaintiff sought with respect to the breach of contract claim arising out of the financial statements was the value of accelerating the entire cost of the Lease. (Dkt. 30 at ¶ 36; also at p. 7) ("Spirit has been damaged in an amount no less than $542,143.09, together with any additional past due taxes, accelerated rent, late charges, interest and other assessments as set forth under the terms of the Lease Agreement."). Plaintiff's initial

disclosure statement also only identifies Plaintiff's damages as the total amount due on the Lease. *See* Plaintiff's Initial Disclosure Statement, attached hereto as **Exhibit "A"**.

In their Motion for Summary Judgment, Defendants argued that Plaintiff was unable to prove its damages. (Dkt. 78). Plaintiff responded to that argument by asserting that it "relies on the financial statements to monitor the value of its investments and plan for sales and purchases", and that it incurred legal fees "to chase down the financial statements to which it is entitled under the Lease." (Dkt. 88 at p. 14). These are the **only** other alleged damages that Plaintiff identified, apart from the Lease acceleration which the Court has now rejected.[1]

As the parties were jointly preparing the Final Pretrial Order, on June 7, 2016, Plaintiff modified its "legal issues" section by including a new argument about its entitlement to "nominal damages." *See* Final Proposed Pretrial Order. For the first time in that revised document, Plaintiff took the alternative position that if it were not able to prove actual damages, then it would still be entitled to nominal damages, which would in turn entitle it to attorneys' fees. *Id*. Nowhere else in this litigation has Plaintiff ever mentioned the concept of nominal damages prior to June 7, 2016.

This new damages theory of damages was not timely disclosed. Plaintiff ignored its obligation under Rule 26(a)(1)(A)(iii), which requires a party to provide "a computation of each category of damages claimed by the disclosing party." Rule 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at trial unless the failure was substantially justified or is harmless. This rule must be applied here. Identification of a type of damages – nominal damages – came well after both the close of discovery and the dispositive motion deadline, and has not come before the submission of the Final Proposed Pretrial Order, rendering it impossible for Defendants to reasonably or adequately prepare for trial on this issue. In

---

[1] Each of these damages claims is the subject of separate motions in limine for their respective non-disclosure and/or failure to meet legal elements.

*Hoffman v. Construction Protective Services*, 541 F.3d 1175 (9th Cir.2008), the Ninth Circuit affirmed the district court's order excluding plaintiffs' damages evidence because they failed to provide any computation of damages prior to the pretrial conference. The same result should be accomplished here.

Even absent the disclosure issues, Plaintiff is not entitled to recover "nominal" damages for the alleged nonmaterial breach of the requirement to timely provide financial statements. Nominal damages only come into play when damages are "indefinite and cannot be estimated accurately." *Edwards v. Anaconda Co*., 115 Ariz. 313, 317, 565 P.2d 190, 194 (App. 1977). Plaintiff has always argued that it was damaged financially due to the conduct of MCI, and that its damage was the acceleration of the Lease. There was never any mention that Plaintiff was unable to compute its damages.

"Although nominal damages are available in a breach of contract action, in order to recover one must show at least some resulting injury." *Firetrace USA, LLC v. Jesclard*, No. CV-07-02001-PHX-ROS, 2010 WL 3523067, at *2 (D. Ariz. Sept. 3, 2010) (citing *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (App.2004) ("It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and **resulting damages**.") (emphasis added); *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz.1975) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the **resulting damages**.") (emphasis added) The legal availability of nominal damages does not eliminate the requirement that Plaintiff show that it did suffer an injury. *Kain v. Arizona Copper Co*., 133 P. 412 (Ariz.1913).

Whether or not the damages sought are nominal, there are no Arizona cases that permit "a plaintiff to recover damages as relief for a breach of contract without proof those damages were caused by the defendant's breach." *Phelps v. Gilbraith*, No. 2 CA-CV 2010-0052, 2010 WL 4323667, at *3 (Ariz. Ct. App. Oct. 29, 2010). While it is true

that certainty in amount of damages is not essential to recovery, the *fact* of damages still must be proven. *Story Parchment Co. v. Patterson Parchment Paper Co*., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931); *Grummel v. Hollenstein*, 90 Ariz. 356, 367 P.2d 960 (1962). Since Plaintiff cannot prove the **fact** it was damaged, it is not entitled to any damages, nominal or otherwise.

For these reasons, Plaintiff should be precluded from arguing it is entitled to nominal damages. Pursuant to this Court's Order Setting Final Pretrial Conference (Dkt. 93), Defendants propose the following language for the order in limine:

Plaintiff is hereby precluded from presenting any argument, evidence or testimony relating to nominal damages.

DATED this 10th day of June, 2016.

**Jaburg & Wilk, P.C.**

*/s/ David L. Allen*
David L. Allen
Laura A. Rogal
Attorneys for Defendants

*Certificate of Service*

I hereby certify that on the 10th day of June, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Craig Solomon Ganz, Esq.
Michael S. Myers
BALLARD SPAHR, LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Attorney for Plaintiff

*/s/ Stephanie R. Zink*
Stephanie R. Zink

# EXHIBIT A

Craig Solomon Ganz (Bar No. 023650)
ganzc@ballardspahr.com
Michael S. Myers (Bar No. (029978)
myersm@ballardspahr.com
**BALLARD SPAHR, LLP**
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: (602) 798-5400
Facsimile: (602) 798-5595
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spirit Master Funding IV, LLC, | No. CV-14-00337-PHX-DGC |
| Plaintiff, | **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)(A)** |
| v. | |
| Martinsville Corral, Inc., an Indiana corporation; Victor Spina and Amber Spina, husband and wife; and William Spina and Beth Spina, husband and wife, | |
| Defendants. | |

Plaintiff Spirit Master Funding IV, LLC, (hereinafter "Spirit" or "Plaintiff"), by and through undersigned counsel, hereby submits its Initial Disclosure Statement pursuant to Fed. R. Civ. P. 26(a)(1). The disclosures set forth herein are based upon Plaintiff's current knowledge, reasonable inquiry and investigation.[1] Plaintiff will supplement this Initial Disclosure Statement upon receipt of additional information through discovery or otherwise.

**I.  PRELIMINARY STATEMENT.**

In submitting this Disclosure Statement, it should be noted and fully understood that discovery in this matter is in its infancy and, therefore, Spirit has not yet had an opportunity to fully investigate the facts relating to this case, has not completed its discovery and has not completed its preparation for trial. All disclosures contained herein are based only upon such information which is presently available to and specifically

---

[1] Capitalized terms in this Initial Disclosure Statement shall have the same meaning as defined in the Complaint, unless otherwise indicated herein.

DMWEST #11424863 v1

known by Spirit. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the disclosures set forth herein. The disclosures contained herein are provided in a good faith effort to supply as much information and as much specification as is presently known to Spirit. Spirit reserves the right to amend or supplement the disclosures herein.

II. **NAME, ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION THAT SPIRIT MAY USE TO SUPPORT ITS CLAIMS.**

1. Sean Hufford, Vice President - Asset Management
   Spirit Realty Capital
   c/o Ballard Spahr LLP
   1 East Washington Street, Suite 2300
   Phoenix, AZ 85004
   (602) 798-5400

Mr. Hufford will testify regarding all matters and communications with the defendants which gave rise to the operative Complaint, including but not limited to matters relating to the Lease Agreement entered into Spirit Master Funding IV, LLC and Martinsville Corral, Inc. and the related Unconditional Guarantees of Payment and Performance executed by Victor and Amber Spina and William and Beth Spina, and the Notice of Default. Mr. Hufford may also testify as to damages calculations.

2. Victor Spina
   c/o Jaburg Wilk
   3200 N. Central Avenue, 20th Floor
   Phoenix, AZ 85012
   (602) 248-1000

Plaintiff anticipates that Mr. Spina will testify regarding his knowledge of the facts giving rise to the operative Complaint. Mr. Spina is also expected to testify regarding the Guaranty that he executed, personally guaranteeing the obligations of Martinsville Corral, Inc.

2

DMWEST #11424863 v1

3.  Amber Spina
    c/o Jaburg Wilk
    3200 N. Central Avenue, 20th Floor
    Phoenix, AZ 85012
    (602) 248-1000

Plaintiff anticipates that Mrs. Spina will testify regarding her knowledge of the facts giving rise to the operative Complaint. Mrs. Spina is also expected to testify regarding the Guaranty that she executed, personally guaranteeing the obligations of Martinsville Corral, Inc.

4.  William Spina
    c/o Jaburg Wilk
    3200 N. Central Avenue, 20th Floor
    Phoenix, AZ 85012
    (602) 248-1000

Plaintiff anticipates that Mr. Spina will testify regarding his knowledge of the facts giving rise to the operative Complaint. Mr. Spina is also expected to testify regarding the Guaranty that he executed, personally guaranteeing the obligations of Martinsville Corral, Inc.

5.  Beth Spina
    c/o Jaburg Wilk
    3200 N. Central Avenue, 20th Floor
    Phoenix, AZ 85012
    (602) 248-1000

Plaintiff anticipates that Mrs. Spina will testify regarding her knowledge of the facts giving rise to the operative Complaint. Mrs. Spina is also expected to testify regarding the Guaranty that she executed, personally guaranteeing the obligations of Martinsville Corral, Inc.

### III. DOCUMENTS, DATA COMPILATIONS OR TANGIBLE ITEMS THAT SPIRIT MAY USE TO SUPPORT ITS CLAIMS.

Spirit identifies the following categories of documents, data compilations and tangible things that Spirit may use to support its claims, unless solely for impeachment. In identifying these categories, Spirit expressly reserves the right to assert any privilege attached to those documents, data compilations, or tangible things, as well as any

objections to the production of those documents, data compilations or tangible things absent an appropriate protective or confidentiality order.

  A. Lease Agreement between Spirit Master Funding IV, LLC and Martinsville Corral, Inc. executed on September 30, 2011 (SPIRIT00001-57).

  B. Unconditional Guaranty of Payment and Performance executed by Victor and Amber Spina on September 30, 2011 (SPIRIT00058-68).

  C. Unconditional Guaranty of Payment and Performance executed by William and Beth Spina on September 30, 2011 (SPIRIT00069-79).

  D. First Amendment to Lease between Spirit Master Funding IV, LLC and Martinsville Corral, Inc. executed on November 15, 2011 (SPIRIT00080-83).

  E. Notice of Default and Demand for Cure dated June 13, 2014 (SPIRIT00084-86).

  F. Financial Statements of Martinsville Corral, Inc. dated December 31, 2013 (SPIRIT00087-90).

  G. Financial Statements of Martinsville Corral, Inc. dated March 31, 2014 (SPIRIT00091-94).

  H. Any documentation produced pursuant to subpoena, authorization, or release, without waiving objections.

  I. Any parties' answers to interrogatories, responses to requests for production, responses to requests for admissions, disclosure statements, and attachments thereto, without waiving any objections.

  J. Any depositions, affidavits, and exhibits thereto, without waiving objections.

  K. Any documents revealed through future discovery, without waiving objections.

  L. Any report, deposition, or trial transcript of any witness, including expert witnesses, listed by any other party, without waiving objections.

  M. Any and all pleadings in this matter.

DMWEST #11424863 v1

1    N.   Without waiving any objections, any and all exhibits identified by any other
2 party, even if later withdrawn.
3    The aforementioned categories of documents are available through Plaintiff's
4 counsel listed below, upon request pursuant to Fed. R. Civ. P. Rules 26(a) and 34.

## IV. COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY SPIRIT.

Spirit is entitled to payment with interest, consequential damages, and costs as a direct and proximate result of defendants' breach of the lease agreement and breach of the lease guaranties. Discovery in this matter is in its infancy. Spirit, therefore, is still in the process of determining its damages, and, based on the information reasonably available to it, is not able to provide a precise computation of its damages at this time. Damages include the balance owing on the Lease Agreement. Spirit also seeks its fees and costs for prosecuting this action in amount to be determined at trial.

As of November 7, 2014, there remained due and owing on Defendants' account with Spirit, the sum of no less than $542,143.09, together with any additional past due taxes, accelerated rent, late charges, interest and other assessments as set forth under the terms of the Lease Agreement.

## V. INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A JUDGMENT IN THIS ACTION.

Spirit is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

DMWEST #11424863 v1

DATED this 10th day of November, 2014.

BALLARD SPAHR, LLP.

By: /s/
Craig Solomon Ganz
Michael S. Myers
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004
*Attorneys for Spirit Master Funding IV, LLC*

ORIGINAL of the foregoing mailed
this 10th day of November, 2014, to:

David L. Allen, Esq.
Laura Rogal, Esq.
JABURG & WILK, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
*Attorneys for Defendants*

/s/

6

DMWEST #11424863 v1